

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| ESTATE OF COLTON PETERSON, JULIENA DARLING, and WILLIAM DARLING,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF MISSOULA, MONTANA; MISSOULA CITY POLICE DEPARTMENT; COUNTY OF MISSOULA, MONTANA; MISSOULA COUNTY SHERIFF'S DEPARTMENT; MISSOULA CITY POLICE CHIEF MARK MUIR; MISSOULA POLICE DETECTIVE DAVID KRUEGER; MISSOULA COUNTY SHERIFF MIKE McMEEKIN; MISSOULA COUNTY SHERIFF'S DETECTIVE JOHN GUNTER, in their capacity as agents of the MISSOULA CITY POLICE DEPARTMENT and MISSOULA COUNTY SHERIFF'S OFFICE and DOES 1-25,<br><br>Defendants. | CV 12-123-M-DLC-JCL<br><br><br><br>ORDER |

Defendants City of Missoula, Missoula Police Department, and Police Chief Mark Muir ("City Defendants") have moved for partial summary judgment on a

number of claims and issues in this action brought under 42 U.S.C. § 1983 by Colton Peterson's estate, and his mother and stepfather, Juliena and William Darling. United States Magistrate Judge Jeremiah C. Lynch entered Findings and Recommendations on February 7, 2013. The parties did not file objections and so have waived the right to de novo review. 28 U.S.C. § 636(b)(1). The Findings and Recommendations are instead reviewed for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000).

Judge Lynch recommended that the motion be granted in part and denied in part. As a threshold matter, he correctly treated the City Defendants' motion as if it were based on the Amended Complaint, to the extent that it raised issues that pertain equally to that complaint. Other issues—the City Defendants' arguments concerning City Police Chief Muir's statutory immunity, whether there is a fundamental right of full legal redress under the Montana Constitution, whether Police department officers had a duty to arrest Peterson, Plaintiffs' federal claims against the Missoula Police Department, and Plaintiffs' punitive damages claim—were rendered moot by the filing of the Amended Complaint. As for the remaining issues, Judge Lynch concluded that Plaintiff William Darling has

standing to assert independent, non-derivative claims for the emotional distress he alleges he suffered as a result of Defendants' conduct. However, he declined to issue an opinion as to the standing of Peterson's two brothers until the issue has been properly presented or fully briefed. As to the Missoula Police Department, Judge Lynch concluded that the Plaintiffs' state law claims should be dismissed because it lacks the capacity to be sued as a separate legal entity under state law. There is no clear error in any of these conclusions.

IT IS HEREBY ORDERED:

1. Judge Lynch's Findings and Recommendation (doc. 44) are adopted in full.

2. The motion for partial summary judgment by the City of Missoula, Missoula Police Department, and Police Chief Mark Muir (doc. 19) is GRANTED IN PART and DENIED IN PART.

DATED this 13th day of March 2013.

Dana L. Christensen, District Judge
United States District Court

-3-