IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| ESTATE OF COLTON PETERSON, JULIENA DARLING, and WILLIAM DARLING,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF MISSOULA, et al,<br><br>Defendants. | CV-12-123-M-DLC-RKS<br><br><br>FINDINGS AND RECOMMENDATIONS |

1. Synopsis

Plaintiffs have not shown facts sufficient to establish that any Defendant acted with deliberate indifference to any federally protected right of Mr. Peterson. The 42 U.S.C. § 1983 claims should be dismissed in favor of all Defendants. Plaintiffs have not shown facts sufficient to surmount the threshold requirements for a claim of intentional or negligent infliction of emotional distress as Montana law defines those claims. They should be dismissed. Plaintiffs' claims for Montana law constitutional tort and negligence are precluded by Montana's Public Duty Doctrine; they should be dismissed. If upon review the state law claims survive, the court should consider remand to State Court (but the parties wish to proceed to a scheduled resolution in this court). In analyzing each of the liability issues the "opinions" of Plaintiffs' putative expert, Mr. Michael Levine, were disregarded. He should be precluded from testifying if these Findings and Recommendations are not accepted. The other motions in limine are either moot

or are premature and should be denied.

2. Jurisdiction.

The court has jurisdiction under 28 U.S.C. § 1331, 1343, 1367. Venue is proper.

3. Status.

This cause is set for a final pretrial conference on April 16, 2014 at 2:30 p.m. and trial to a jury on April 28, 2014 beginning at 8:30 a.m., both in Missoula.

The parties have filed motions described more particularly below. Those motions came on for hearing in Missoula on January 16, 2014. The parties have since filed supplemental materials. All motions are fully briefed and ripe for the disposition set forth below.

There are four motions for summary judgment. C.D. 84 is David Krueger's motion for summary judgment on all claims. C.D. 86 is the motion of the Missoula County Defendants for summary judgment. C.D. 87 is the City of Missoula Defendants' motion for summary judgment on federal civil rights claims. C.D.. 90 is the City of Missoula Defendants motion for summary judgment on State Law Claims.

There are motions in limine filed. They include C.D. 96, C.D. 108, C.D. 111, C.D. 127, C.D. 133, C.D. 135, C.D. 137, C.D. 140. None of the motions should be granted with the exception of C.D. 111 and C.D. 127 relating to Michael Levine. All motions in limine are moot or premature if these recommendations are granted because they are either withdrawn or require giving an opportunity of an evidentiary foundation at trial before ruling. Those motions in limine with the exception of C.D. 111 and C.D. 127 are not further discussed in these Findings and Recommendations for that reason.

There are two other motions. C.D. 118 seeks leave to file supplemental

disputed facts. It should be granted. The supplemental facts were considered in the preparation of these Findings and Recommendations. The other motion, Doc. 130, seeking to limit matters considered in regard to a summary judgment motion should be denied in the interests of considering all the parties' arguments. The undersigned has taken judicial notice where requested and thus granted that request (which is not contained in a separate motion) and considered the facts thus noticed, to the extent relevant, in these Findings and Recommendations.

  4. Standards applicable to Motions.

    A. Rule 56. The accepted procedure for Rule 56, F.R. Civ. Pro motions applies. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). These motions are controlled by the well-established rule that the non-moving party must show genuine issues of material fact to avoid summary judgment. *Anderson v. Liberty Lobby, Inc*. 477 U.S. 242, 249-50 (1986).

    B. Motion to exclude Expert Testimony of Levine

  Expert testimony not timely disclosed is presumptively excluded. Doc. 52. Rule 26(a)(2)(B) Fed. R. Civ. P. Rule 702, F.R.E. governs admissibility of expert opinions otherwise procedurally admissible.

  5. Facts

  The facts are not in dispute. The facts critical to these motions occupy many pages of filings. C.D. 89, C.D. 93, C.D. 95, C.D. 98, C.D. 102, C.D. 104, C.D. 116, C.D. 119, C.D. 129, are some examples though many more fact sources are also attached to briefs. Nothing in the report of Mr. Michael Levine was considered a "fact" because his opinions should be excluded entirely. The facts that are really material to this motion are much more limited than the universe of facts revealed. It is unnecessary to recite them at length here. The material admissible undisputed facts are summarized.

Mr. Colton Peterson, the decedent, came to the attention of Missoula County and Missoula City law enforcement, an attention which heightened dramatically after a valid search warrant disclosed he possessed an illegal quantity of marijuana. Mr. Peterson was not taken into custody. Discussions ensued between Mr. Peterson and law enforcement officials about Mr. Peterson's exposure to criminal prosecution and his chance to ameliorate that exposure by cooperating with law enforcement. At one point law enforcement officers offered Mr. Peterson mental health professional help. He declined.

After a final session with law enforcement officers Mr. Peterson shot himself fatally with a rifle from his family home. There are no admissible facts (as opposed to speculation) proffered which, if believed, would prove that any of the law enforcement officers knew that Mr. Peterson had the rifle and no facts proffered that any of the law enforcement officers knew that Mr. Peterson was considering taking his own life. There are no admissible facts (as opposed to inadmissibly speculative possible inferences) which, if believed, would have shown that any of the law enforcement officers were aware of facts that should have put them or any of them on notice that Mr. Peterson intended to take his own life. There is no evidence that any act of any of the defendants exposed Mr. Peterson to a new risk of harm or made him dependant upon the law enforcement officers for his safety.

6. Analysis

Plaintiffs allege claims against multiple defendants based upon 42 U.S.C. § 1983. Plaintiffs allege additional claims based upon Montana state law including intentional and negligent infliction of severe emotional distress, constitutional tort and negligence. The State is substituted for the individual defendants by operation of statute under the state-law claims. The State is not liable for attorneys fees or

for punitive damages on the state-law claims. The Plaintiffs' wrongful death, survival and punitive damages awards Plaintiffs seek have no independent existence. The damages rise or fall with the merits of any underlying tort authorizing such damages.

      A. Federal Civil Rights Claims.

At oral argument the Plaintiffs conceded after briefing that their sole remaining viable § 1983 claim is based upon 14th Amendment due process grounds. All the other federal constitutional bases for recovery may be dismissed. The §1983 claims are of two sorts: direct personal liability of the officers who interacted with Mr. Peterson and supervisory liability under the theory of *Monell v. Department of Social Services*, 436 U.S. 658 (1978). The Plaintiffs also conceded at oral argument that in order to find any supervisory liability it would first be necessary to find an underlying wrong committed by one or more of the individual law enforcement officers said to be directly liable. Since, as discussed next, there is no federal civil rights liability of any individual officer because none was deliberately indifferent and each was qualifiedly immune, then there is no *Monell* liability for any of those from whom supervisory or training responsibility is sought. All the *Monell* claims should be dismissed. None need be discussed further. The §1983 14th Amendment Due Process claim is discussed next.

      1. Deliberate Indifference

The facts fairly interpreted in the light most favorable to Plaintiffs do not show that any defendant took Mr. Peterson into custody or that any defendant acted affirmatively to place Mr. Peterson into a position of danger. *Estate of Imrie v. Golden Gate Bridge Highway and Transp. Dist*., 282 F. Supp 2d 1145, 1149 (N.D. Cal. 2003). To establish a factual predicate to create a duty of any of the individual defendants under § 1983, Plaintiff had an obligation to show material

facts beyond hypotheses and speculation which, if believed, might support a verdict in their favor on that issue. Thus there was no duty at all under these facts. *DeShaney v. Winnebago County Dept of Social Services*, 489 U.S. 189, 195-6 (1989); *Huffman v. County of Los Angeles*, 147 F. 3d 1054, 0158-59 (9th. Cir. 1998). *Cole v. FBI*, 719 F. Supp. 2d 1229, 1254 (D. Mont. 2010).

Such a claim requires proof that one or more of the law enforcement officers acted in reckless disregard of Mr. Peterson's rights. *Tennison v. City and County of San Francisco*, 570, F. 3d 1078, 1090) (9th Cir. 2009). The facts do not support an inference that any of the law enforcement officers had any reason to believe that their actions were inappropriate under the circumstances. Execution of a valid search warrant produced substantial evidence of Mr. Peterson's illegal drug activities. Plaintiffs have not shown that any of the agents had reason to know that Mr. Peterson was suicidal much less that they were ignoring his rights by suggesting he might receive a more favorable criminal outcome if he promptly cooperated with their investigations. The facts simply reveal legitimate law enforcement activity: That an individual is stressed by having apparently committed an offense and being pressured to cooperate is not even unusual. It is far from deliberate disregard of a known right. *Moreland v. Las Vegas Metropolitan Police Department*, 159 F. 3d 365 (9th Cir. 1998). See also *Huffman v. County of Los Angeles*, 147 F. 3d 1054, 1061 (9th Cir. 1998).

2. Qualified Immunity

Qualified immunity protects officials who violated a plaintiff's federally protected right if the official did not violate clearly established federal law. *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985); *Saucier v. Katz* 533 U.S. 194, 200-201 (2001). In this context, the right must be one of which a reasonable law enforcement officer would have known. *Phillips v. Hust*, 477 F. 3d 1070, 1079 (9th

Cir. 2007). The law enforcement officials were negotiating with an individual for whom a validly obtained and executed search warrant produced incriminating evidence. Plaintiffs have not cited any authority holding a person such as Mr. Peterson has a clearly established federal right not to be confronted with a choice whether to cooperate, uncomfortable though the choice may make him. The individual officers are entitled to the protection of qualified immunity in the circumstances of this case.

The Montana statute giving an officer discretion to decide whether to briefly detain someone for the person's safety MCA§53-21-129(1) (2009) is permissive. MCA§53-21-129(1) creates no duty under state law, thus does not implicate §1983. The individual officers are each entitled to the protection of qualified immunity. The federal claims should be dismissed on this independent ground.

Plaintiffs argue that *Munger v. City of Glasgow*, 227 F.3d 1082 (9th Cir. 2000) prevents a holding that the individual offers were qualifiedly immune. *Munger* requires the opposite conclusion. In *Munger*, the immediate danger to the decedent from immediate exposure to the extreme weather was utterly obvious and inescapable. *Munger v. City of Glasgow*, *supra* 227 F.3d at 1087. (Citing cases). The officers affirmatively paced him in that danger. Plaintiffs here have not raised a genuine issue of material fact even viewing all the evidence in the light most favorable to them, that any of the individual defendants placed Mr. Peterson in any position of danger. *Munger* requires a finding of qualified immunity.

The federal civil rights claims brought under the aegis of 42 U.S.C. § 1983 should be dismissed against all defendants. That leaves the claims brought under Montana state law theories.

    B. Montana State-law Claims

Plaintiffs assert claims against the Defendants based upon Montana state law

theories of negligence, constitutional tort and negligent and intentional infliction of severe emotional distress. If these claims go to trial there are some procedural changes. As a condition of waiving sovereign immunity for claims against state actors, the individuals must be dismissed, there is no recovery for attorney fees and there is no punitive damages recovery. The court could dismiss the state law claims or retain jurisdiction under supplemental jurisdiction if it chooses to do so. 28 U.S.C. 1367(a),(c)(3). The parties all agreed at hearing that they would prefer to proceed to trial in this court. Upon full consideration the undersigned recommends that the issues involving the Montana constitutional tort should be deferred to the expertise of the State courts to interpret Montana state law in this sensitive area. However it is recommended that all claims be dismissed upon summary judgment for the reasons that follow.

1. The Emotional Distress Torts.

For these claims to survive to trial the trial court must first serve as gatekeeper dismissing claims which are not supported by the requisite exxtreme degree of emotional distress. *Sacco v. High Country Independent Press, Inc.*, 896 P. 2d 411, 426 (Mont. 1995); *McConkey v. Flathead Electric Co-op*, 125 P. 3d 1121 ¶55, (Mont 2005); *Renville v. Fredrickson*, 101 P. 3d 773, ¶¶ 14-16 (Mont 2004). The facts here, though difficult, fall short of the threshold emotional distress so severe that no reasonable person could be expected to endure it. *Sacco*, *supra* at 425-6. Those claims should be dismissed. They were discussed at argument. The Plaintiffs agree that this threshold burden has not been met in this case. They have not proffered any expert testimony to support their position.

2. Negligence and Constitutional Torts. (The Public Duty Doctrine).

A. Negligence

Plaintiffs allege Defendants negligently caused Colton Peterson's death. Much of the evidentiary material Plaintiff has submitted appears to be admissible, if at all, to demonstrate that the City and County actors were negligent. This discussion assumes that Plaintiffs have submitted sufficient facts to create a jury issue on negligence. The undersigned would hold to the contrary under *Krieg v. Massey*, 781 P. 2d. 277, 279-80 (Mont. 1989) (requiring either custodial relationship or placing the decedent in a worse position). This discussion also assumes that the Plaintiffs have established a jury issue on causation. It is very doubtful that Plaintiffs have submitted sufficient facts to present a jury issue whether the acts of any of the defendants legally caused Mr. Peterson's suicide even under a substantial contributing factor test.

Under these circumstances it is unnecessary to decide either question. Montana's Public Duty Doctrine bars the negligence count. *Massee v. Thompson*, 2004 Mont. 121, ¶41. Montana's statute granting officers discretion to impose brief custody for persons with mental disorders who present an imminent danger of death or bodily harm is not mandatory. MCA §53-1-129(1)(2009). There are no admissible facts in the record sufficient to create a fact issue whether Mr. Peterson was an imminent danger of death or bodily harm to himself when he was involved in his final discussions with the officers. So the Public Duty Doctrine applies. *Nelson v. Driscoll*, 983 P. 2d 972 ¶ 21; *Massee, supra* at ¶41. None of the four exceptions to the Public Duty Doctrine (plaintiff a member of statutorily protected class or specific actions to protect or governmental acts inducing detrimental reliance or actual custody) apply. *Nelson, supra* at ¶22. The state law negligence count against the State of Montana should be dismissed on that ground alone.

B. Constitutional Claims

Plaintiffs seek judgment under the Montana Constitution-based theory first recognized in Montana in *Dorwart v. Caraway*, 2002 MT 240, ¶¶ 44, 48, 312 Mont. 1, 58 P. 3d 128 (2002). As they did with the 42 U.S.C § 1983 claims discussed above, Plaintiffs now only assert violation of Mr. Peterson's right to due process under Art. II, § 17, of Montana's Constitution. It is undisputed that the Defendants dealt with Mr. Peterson upon probable cause to accuse him of criminality, citing evidence obtained through a valid warrant. As with all claims, it is first necessary to decide whether Plaintiffs have proffered sufficient evidence to make a fact issue of causation. In this case other than hypotheses and speculation Plaintiffs have not come forward with sufficient facts to make a jury issue that any act of any Defendant or all of them legally caused Mr. Peterson's suicide.

Here, as well, this claim fails under Montana's Public Duty Doctrine. Plaintiffs cite no authority to suggest, much less to base a holding, that the Public Duty Doctrine does not control in the broad and generally otherwise defined area of constitutional torts. The Public Duty Doctrine sets specific boundaries where individual rights and law enforcement duties collide. Here where Mr. Peterson was not in custody, he had not become a confidential informant and he was negotiating with the law enforcement officers, the Public Duty Doctrine expresses the policy of the state as to the limits of law enforcement's civil liability. The Constitutional claims should be dismissed on that basis.

C. Michael Levine

Plaintiffs designated Michael Levine as a liability expert. Defendants moved to exclude his testimony. C.D. 111. Defendants objected that Mr. Levine's expert report was untimely. They raised a number of other substantive grounds for exclusion. The motion is fully briefed. The parties presented argument at the

hearing for and against Mr. Levine's exclusion. Reluctant to exclude the testimony entirely, but convinced the objections had merit, the undersigned granted Plaintiffs additional time to edit Mr. Levine's report so that it did not run afoul of the substantive objections Defendants raised. Plaintiffs filed a redacted report. Doc. 183. The redacted report has all the flaws Defendants raised. Mr. Levine should be precluded from testifying.

The report was untimely. Although the report does not disclose it, the report was not final by the disclosure deadline or even by Mr. Levine's deposition weeks later. C.D. 183. Failure to timely disclose can and should here be enough to require exclusion. The court should rule so.

The report expresses inadmissible testimony. The opinion section of his report consists almost entirely of speculation and baseless accusation beyond any demonstrated expertise of Mr. Levine. Mr. Levine should be precluded from testifying at trial primarily for that reason. In the redacted report, Mr. Levine proffers opinions beyond any qualifications he possesses. Mr. Levine's testimony is speculative and baseless to the point of recklessness. He accuses officers of improper and even illegal motives with no factual basis but his own suspicions. He expresses inadmissible legal opinion. The redacted version does not remove these inadmissible opinions or present admissible opinions. The inadmissible opinions are completely intermingled with and taint any which might be made admissible. This also compounds the timeliness problem. The court is invited to read the redacted report. That testimony should be excluded.

THEREFORE, it is hereby recommended that.

1. Defendant, Krueger's Motion for Summary Judgment Doc. 84 should be GRANTED;

2. Defendants County of Missoula, John Gunter, Mike McMeekin, Missoula

County Sheriffs Department's Motion for Summary Judgment, Doc. 86 should be GRANTED;

3. Defendants City of Missoula and Mark Muir's Joint Motion for Summary Judgment on Federal Civil Rights Claims, Doc. 87, should be GRANTED;

4. Defendant, City of Missoula's Motion for Summary Judgment on sate Law Claims, Doc. 90, should be GRANTED;

5. Defendants City of Missoula and Mark Muir's Motion in Limine and for Sanctions Concerning Michael Levine's Reports, Testimony and Opinions, Doc. 111 and Joinder re: City of Missoula, et al, Motion in Limine and For Sanctions Concerning Michael Levine's Reports, Testimony and Opinions, Doc. 127 should be GRANTED, however, without award of sanctions;

6. Plaintiffs' Motion for Leave of Court to File Plaintiffs' Supplemental L.R. 56.1(b) Statement of Disputed Facts should be GRANTED;

7. Plaintiffs' Motion to Strike Portions of Defendants' Reply Briefs in Support of Motions for Summary Judgment or for leave to File Surreply should be DENIED;

8. Motions in Limine Docs. 96, 108, 133, 135, 137 and 140 should be found as MOOT if these findings and recommendations are adopted in full.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT.**

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to these Findings and Recommendations within ten (14) days of the date entered as indicated on the Notice of Electronic Filing. A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in

whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge.

DATED this 25th day of March, 2014.

/s/ Keith Strong
Keith Strong
United States Magistrate Judge