IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

FILED
NOV 07 2017
Clerk, U.S District Court
District Of Montana
Missoula


| | |
|---|---|
| ESTATE OF COLTON PETERSON, et al., | CV 12–123–M–DWM |
| Plaintiffs, | ORDER |
| vs. | |
| CITY OF MISSOULA, et al., | |
| Defendants. | |

Colton Peterson ("Colton") committed suicide on July 27, 2010. Plaintiffs (Colton's estate, his mother, and his step-father) brought this action against several Missoula City and County defendants seeking damages for Colton's death under 42 U.S.C. § 1983 and various state theories. At this point, the only surviving claim is that brought by Colton's mother, Juliena, against the City of Missoula ("the City") for emotional distress. All other claims have been dismissed. (*See* Doc. 199.) Three motions are currently pending: (1) the City seeks reconsideration of its summary judgment motion as to Juliena's claim for emotional distress, (Doc. 221); (2) Plaintiffs seek to stay the case pending the Montana Supreme Court's answer to the certified question posed in *Bassett v.*

1

*Lamantia*, No. 17-0322 (Mont. May 30, 2017), (Doc. 224); and (3) Detective Krueger seeks to be dismissed as a named defendant, (Doc. 231). The Court heard argument on all three motions on November 7, 2017. The City's and Plaintiffs' motions are denied. Detective Krueger's motion is granted.

## BACKGROUND

As the parties are familiar with the factual background, it is not restated here.[1] However, consideration of the present motions requires an appreciation of the procedural background of the case; that history is outlined below.

In July 2012, Plaintiff sued the City of Missoula, the County of Missoula, the Police Department, the Sheriff's Department, Missoula County Sheriff Mike McMeekin, Missoula City Police Chief Mark Muir, and Detectives Krueger and Gunter in their capacity as officers of their respective departments. (Doc. 1.) That original complaint raised claims under 42 U.S.C. § 1983, the Montana Constitution, and state law negligence and emotional distress theories. United States Magistrate Judge Jeremiah Lynch held the initial preliminary pretrial conference in November 2012, (Min. Entry, Doc. 32), and set trial before Chief District Judge Dana Christensen in February 2014, (Doc. 33). In December 2012,

---

[1] The factual background is also discussed in detail in Judge Christensen's August 6, 2014 Order. (*See* Doc. 199 at 2-15.)

2

Plaintiff filed an amended complaint, providing more detail as to the existing claims and adding causes of action for survival and wrongful death. (Doc. 35.)

In September 2013, the City moved unopposed to continue the trial date, (Doc. 64), and the trial was reset for April 28, 2014, (Doc. 65). That same month, Plaintiffs sought leave to amend their complaint, (Doc. 68), on the basis that a Montana Supreme Court decision[2] changed the law regarding wrongful death claims, (Doc. 69). Judge Lynch denied the motion. (Doc. 83.)

In October 2013, the defendants filed various motions for summary judgment, (Docs. 84, 86, 87, 90), and motions in limine, (Docs. 96, 111, 135, 140, 141). Plaintiffs also filed motions in limine, (Docs. 133, 137), and sought to strike a number of the defendants' summary judgment filings, (Doc. 130). In December 2013, Judge Lynch recused himself from the case, (Doc. 145), and the case was reassigned to United States Magistrate Judge Keith Strong, (Doc. 147).

In January 2014, Judge Strong held a motions hearing on all of the outstanding motions. (Minute Entry, Doc. 178: Transcript, Docs. 180, 188). On March 25, 2014, he issued findings, recommending that the defendants' motions for summary judgment, (Docs. 84, 86, 87), be granted. (Doc. 189.) As to the federal claims, he concluded that the individual officers were not deliberately

---

[2] *In re Estate of Bennett*, 308 P.3d 63 (Mont. 2013).

3

indifferent and each was entitled to qualified immunity; he therefore also found no *Monell* liability. (*Id.* at 5-7.) As to the state law claims, Judge Strong concluded that the facts fell short of the threshold requirement of emotional distress and that the public duty doctrine barred Plaintiffs' negligence and state constitutional claims. (*Id.* at 8-10.) Upon Plaintiffs' request, the April 2014 trial was vacated to allow time for objections. (Doc. 192.)

In August 2014, Judge Christensen issued a 52-page order adopting in part and rejecting in part Judge Strong's Findings and Recommendation. (Doc. 199.) Judge Christensen sustained a number of Plaintiffs' factual objections and determined that Plaintiffs presented sufficient evidence for a reasonable jury to conclude that Detective Krueger acted with deliberate indifference to Colton's risk of suicide, establishing that Detective Krueger's actions violated Colton's Fourteenth Amendment right to substantive due process. (*Id.* at 30-31.) Judge Christensen also determined that Detective Krueger was not entitled to qualified immunity, (*id.* at 33), and that Juliena, Colton's mother, could maintain her emotional distress claim against the City (but not the County). (*Id.* at 40.) Judge Christensen agreed with Judge Strong, however, that the public duty doctrine barred Plaintiffs' remaining state common law and constitutional claims. And, Judge Christensen found no supervisory liability for either Sheriff McMeekin or

4

Police Chief Muir. (Doc. 199 at 45-49.) Following Judge Christensen's ruling, only two claims against two defendants survived: (1) the § 1983 claim against Detective Krueger and (2) Juliena's emotional distress claim against the City. (*See* Doc. 46 (order dismissing Police Department); Doc. 159 (stipulated dismissal of Detective Jon Gunter); Doc. 178 (terminating Sheriff's Department).)

Detective Krueger filed an interlocutory appeal of Judge Christensen's qualified immunity determination. (Doc. 200.) The Ninth Circuit held that Detective Krueger is entitled to qualified immunity because the law was not clearly established at the time of the violation. (Doc. 214.) Following remand, the case was reassigned to the undersigned, (Doc. 234), and the current motions were filed. Those motions are now addressed in turn.

ANALYSIS

I.  **Detective Krueger's Motion to Dismiss**

Detective Krueger seeks to be dismissed as a named defendant from the case in light of the Ninth Circuit's qualified immunity determination. (Doc. 231.) Although Plaintiffs indicated that they opposed the motion, (*see id.* at 2), they did not file any responsive briefing, *see* L.R. 7.1(d)(1)((b)(ii) ("[F]ailure to file a response brief may be deemed an admission that the motion is well-taken."). And, at oral argument, Plaintiffs stated that they did not oppose the motion, but merely

5

did not know if relief was warranted.

Krueger's motion is granted. Judge Christensen initially granted summary judgment relief to Krueger as to all claims but Plaintiffs' federal civil rights claim. That matter was appealed and the Ninth Circuit determined Krueger was entitled to qualified immunity. (*See* Doc. 214.) Given the Ninth Circuit decision, there are no remaining claims against Krueger and no possibility of recovery by Plaintiffs. In the absence of any just reason for delay, it is appropriate to dismiss Krueger from the action and enter judgment in his favor. *See* Fed. R. Civ. P. 54(b).

## II. Plaintiffs' Motion to Stay

Plaintiffs seek to stay the case pending the Montana Supreme Court's answer to the certified question addressing the public duty doctrine posed in *Bassett v. Lamantia*, No. 17-0322 (Mont. May 30, 2017). (Doc. 224.) That motion is denied.

This Court has the discretion to stay a matter before it under its authority to control its docket and the cases before it. *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936). Where there is an independent proceeding related to a matter before the trial court, the court may "find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which may bear upon the case." *Mediter.*

*Enters., Inc. v. Ssanyong Corp.*, 708 F.2d 1458, 1465 (9th Cir.1983) (quoting *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863-64 (9th Cir.1979)).

The independent proceeding in question here is *Bassett*, a case presently before the Ninth Circuit Court of Appeal, No. 15-35045, with a certified question to the Montana Supreme Court, No. OP 17-0322. There, an officer tackled an uninvolved third party while on a call about a neighborhood disturbance. The Ninth Circuit certified the following question to the Montana Supreme Court:

> Whether, under Montana law, the public duty doctrine shields a law enforcement officer from liability for negligence where the officer is the direct and sole cause of the harm suffered by the plaintiff?

This question suggests adding an exception to the public duty doctrine where the injury sustained by the plaintiff was due to the direct and sole actions of a law enforcement officer.

Plaintiffs insist that in answering this question, the Montana Supreme Court will clarify the circumstances under which a municipality may be liable for the negligent actions of its law enforcement officers. They are correct that the certified question in *Bassett* will clarify the parameters of the public duty doctrine relating to law enforcement officers; however they fail to show these parameters would have any effect on the current proceedings. Both the facts and the suggested exceptions to the public duty doctrine in *Bassett* and the present case

7

are distinguishable. Colton's injuries were sustained as a result of a culmination of circumstances, not a sole and direct act of Detective Krueger. And, Plaintiffs seek to introduce a broad exception to the public duty doctrine based on the foreseeability of harm, a matter beyond the scope of *Bassett*. A stay is therefore not warranted. Moreover, the Court has already ruled on the applicability of the public duty doctrine to this case, (*see* Docs. 189, 199), and there has been no request to reconsider this issue.[3]

## III. The City's Motion to Reconsider

Reconsideration of a ruling on summary judgment is generally reviewed under Rule 59(e) (motion to alter or amend judgment) or Rule 60(b) (relief from judgment or order). *See Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993). However, because the order at issue is the *denial* of summary judgment, and is therefore not a final order or judgment, it may be revised pursuant to Rule 54(b). *See* Fed. R. Civ. P. 54(b) (allowing revision of all orders and decisions prior to entry of judgment). Notwithstanding the wide latitude of Rule 54(b), previous ruling will not be reconsidered absent good cause,

---

[3] Should the Montana Supreme Court answer the certified question while this matter is still pending, the parties may seek leave to move for relief in light of that decision. Only then will the application of that decision and the merits of such a motion be considered.

such as "if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *ACandS, Inc.*, 5 F.3d at 1263. No such cause exists here.

The City argues that summary judgment should be granted in its favor as to Juliena's state law emotional distress claims because the only wrongful conduct at issue is an alleged violation of federal constitutional law. The City makes its request on the heels of the Ninth Circuit's qualified immunity decision as to Detective Krueger. However, Juliena's emotional distress claim against the City is premised on an independent state law cause of action, regardless of Krueger's immunity for the federal claims. Or, to put it another way, the Ninth Circuit decision did not have any impact on Judge Christensen's decision regarding the remaining independent, state law claim against the City. As a result, it is not appropriate to reconsider Judge Christensen's ruling.

Even if the Court were inclined to consider the City's argument, it lacks merit. The City argues that allowing Juliena's emotional distress claim to proceed improperly conflates vicarious liability under state and federal law. But that is incorrect. Juliena's state law claims are based entirely on a state law theory of recovery. Under Montana law, a plaintiff may have an independent claim for

emotional distress "where serious or severe emotional distress to the plaintiff was the reasonably foreseeable consequence of the defendant's intentional act or omission." *Sacco v. High Country Indp. Press, Inc.*, 896 P.2d 411, 428 (Mont. 1995). Montana immunizes an employee for conduct arising out of the course and scope of his or her employment and places liability with the municipality. *See* Mont. Code Ann. § 2-9-305(5); *Kenyon v. Stillwater Cnty.*, 835 P.2d 742, 745 (Mont. 1992) ("Governmental entities in Montana are subject to liability for their own wrongful conduct and that of their employees acting within the scope of their duties."). The acts and omissions here are those of Detective Krueger, an employee of the City. The conduct at issue, while coextensive with the now dismissed federal claims, supports an independent claim under state law against Detective Krueger, and therefore, the City. For the same reason, the City is mistaken that the only "wrongful" conduct is a federal civil rights violation.

An uncertainty remains, however, as to the nature of the surviving emotional distress claim. Plaintiffs' amended complaint raises both negligent (Count VII, ¶¶ 93-97) and intentional (Count VIII, ¶¶ 98-100) infliction of emotional distress. (*See* Doc. 35.) Judge Christensen's order does not explicitly state which claims remain. Given Judge Christensen's conclusion that the public duty doctrine bars the remainder of Plaintiffs' state law negligence claims,

(*see* Doc. 199 at 34-38), Juliena's surviving claim is limited to an intentional tort, *see Kent v. City of Columbia Falls*, 350 P.3d 9, 17 (Mont. 2015) ("If a private person would be liable to the plaintiff for the acts that were committed by the government, then the governmental entity would similarly be liable. Where such a specific duty and breach exists, the public duty doctrine has no application.").

## CONCLUSION

For the reasons stated above, IT IS ORDERED that Detective Krueger's motion to dismiss (Doc. 231) is GRANTED. He is DISMISSED as a named defendant in this action and the Clerk of Court is directed to enter judgment in his favor and against Plaintiffs. *See* Fed. R. Civ. P. 54(b).

IT IS FURTHER ORDERED that Plaintiffs' motion to stay (Doc. 224) and the City's motion to reconsider (Doc. 221) are DENIED. Accordingly, this action is limited to Juliena's claim of intentional infliction of emotional distress against the City. This Court has supplemental jurisdiction over that claim, *see* 28 U.S.C. § 1367, and the matter will be set for trial by separate order.

Dated this 7th day of November, 2017.

Donald W. Molloy, District Judge
United States District Court

11